UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE ALBERT SMITH,

      Plaintiff,

v.                                        Case No.  5:16cv349/LC/CJK

S. MCAFEE-GARNER et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Willie A. Smith, DOC #040330, is a Florida inmate presently confined at Gulf Correctional Institution.  Plaintiff initiated this case on December 22, 2016, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff concedes that he is subject to the § 1915(g) three-strikes bar, but argues he is entitled to proceed as a pauper pursuant to the "imminent danger" exception. (Doc. 1, p. 4). The court takes judicial notice of court records confirming that plaintiff is subject to the three-strikes bar. *See, e.g., Smith v. Mercer*, Case No.

3:14-cv-1156-TJC-PDB (M.D. Fla. Sept. 25, 2014) (dismissing case pursuant to three-strikes bar and noting plaintiff's extensive litigation history).

In determining whether a prisoner satisfies the imminent danger exception, the court looks to the prisoner's complaint as a whole, construing it liberally and accepting its allegations as true. *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (*citing Brown*, 387 F.3d at 1350). General allegations not grounded in specific facts indicating that serious physical injury is imminent are insufficient to invoke the exception to § 1915(g). *Brown*, 387 F.3d at 1350 (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). The imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). A prisoner's claim that he faced a past imminent danger is insufficient to allow him to proceed under the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception was not triggered

Case 5:16-cv-00349-LC-CJK   Document 4   Filed 01/11/17   Page 4 of 7

Page 4 of 7

where the alleged threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint).

Plaintiff makes several allegations in an effort to overcome the three-strikes bar. First, plaintiff alleges that nine months ago, in April of 2016, defendants Nurse McAfee and Nurse Thomas refused to renew his pre-dialysis diet pass. (Doc. 1, p. 5, ¶ 1). Plaintiff concedes, however, that his diet pass was renewed by Dr. Vilchez a short time later. (*Id*.). Plaintiff goes on to complain that when the pass was again up for renewal 3 months later (in late July or early August 2016), McAfee refused to renew it. (*Id*., pp. 5-6, ¶ 1). The court takes judicial notice that in a lawsuit plaintiff filed in this court the same day as the present suit, *Smith v. Jones, et al.*, Case No. 5:16cv350/MP/GRJ, plaintiff alleged under penalty of perjury that his pre-dialysis diet pass was renewed on August 16, 2016. (*See* Case No. 5:16cv350/MP/GRJ, Doc. 1, p. 12, ¶ 12). Given plaintiff's admissions that his pre-dialysis diet passes have been renewed despite defendants McAfee's and Thomas' initial refusals, his allegations against McAfee and Thomas fail to show he is in imminent danger of serious physical injury.

Plaintiff next alleges that in August of 2016, defendant McAfee improperly submitted a form indicating that plaintiff refused a consultation for his small ventral hernia because he "wouldn't give up [his] w/c [wheelchair] to go to Lake Butler".

(Doc. 1, p. 6, ¶ 2).  Plaintiff's four-month delay in raising this allegation, combined with the fact that he has had this condition since August of 2010, and alleges nothing specific concerning what prompted the consultation, whether it was urgent, or the effect of missing it, leads the court to conclude that plaintiff does not currently face a "real and proximate" threat of harm from having missed the consultation.  *See Lewis*, 279 F.3d at 531.  In other words, plaintiff's allegation that McAfee acted improperly four months ago with respect to a consultation for his chronic condition, without more, is insufficient to show that plaintiff is now in imminent danger of serious physical injury.

Plaintiff's third allegation is that Nurse McAfee is refusing to refer him to a urologist for his kidney condition (his kidneys allegedly produce E coli bacteria).  (Doc. 1, p. 6, ¶ 3).  Plaintiff alleges that his kidney condition was diagnosed in 2007; that he was seen by a urologist at or near that time; and that as a result of the urology consultation, medical providers performed a procedure to "trim down" his prostate, placed him on a pre-dialysis diet, and prescribed medication.  (Doc. 1, p. 5, ¶ 1).  Plaintiff's allegations fail to show how the lack of another urology consultation places him in imminent danger of serious physical injury.

Plaintiff next alleges that defendant McAfee is refusing to refer him to a neurologist for "painful tingling" in his hands.  (Doc. 1, p. 6, ¶ 4).  This bare

allegation, taken as true and without more, does not provide a basis to find that the lack of a neurology consult places plaintiff in imminent danger of serious physical injury.

Plaintiff's final allegation involves defendant John Doe, whom plaintiff describes as a sick call nurse.  Plaintiff alleges that on November 8, 2016, he was seen at sick call by John Doe and requested refills for various medications.  (Doc. 1, p. 6, ¶ 5).  Plaintiff asserts that on December 12, 2016, he had not received the refills so he went to sick call, complained to Nurse Doe, and was told by Doe to leave his office.  (*Id*.).  Plaintiff's complaint, signed ten days later on December 22, 2016, does not allege that Nurse Doe's requiring plaintiff to leave his office that day resulted in plaintiff being deprived of his prescribed medications.  Plaintiff merely complains that he believes Nurse Doe's actions were retaliatory.  (*Id*.).  As plaintiff's allegations, even if true, fail to make the required showing that Nurse Doe's conduct on December 12, 2016, poses a real and proximate threat of serious physical injury, plaintiff has not satisfied § 1915(g).

Construing the complaint as a whole, plaintiff's allegations do not qualify him for § 1915(g)'s imminent danger exception.  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED

and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 11th day of January, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.